IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:24-CV-19-FL

| | | |
|---|---|---|
| CARL CARROWAY and LISA WALKER YOUNG, individually and jointly, and MARY RYAN SHEPARD, and RECARDO ANTANE SHEPARD, individually and jointly, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| CEPCO MANAGEMENT SERVICES, LLC, a North Carolina corporation, and LANTANA CROSSING HOA, INC., a North Carolina corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), (DE 37), motion for extension of time filed by plaintiffs Carl Carroway and Lisa Walker Young ("Carroway and Young") (DE 52), and the court's May 12, 2025, show cause order (DE 51).

**STATEMENT OF THE CASE**

Plaintiffs commenced this civil rights action January 19, 2024, based upon allegedly discriminatory practices by defendants in management and enforcement of homeowners' association rules and regulations. Plaintiffs assert claims under 42 U.S.C. §§ 1981 and 1982; the Fair Housing Act, 42 U.S.C. §§ 3604(b) and 3617; N.C. Gen. Stat. §§ 41A-4(a)(2), and (e); as well

as negligent and intentional infliction of emotional distress. Plaintiffs seek declaratory and injunctive relief; compensatory and punitive damages; and costs and fees.

Defendants answered, and this court entered case management order April 24, 2024, setting a March 31, 2025, deadline for discovery and an April 30, 2025, deadline for dispositive motions.

January 24, 2025, plaintiffs' counsel filed a motion to withdraw as counsel in this action, pursuant to Local Civil Rule 5.2(e), Federal Rules of Civil Procedure 5, 7, and 11, and North Carolina Rules of Professional Conduct 1.16(b)(4), (6), (7), (8), and (9). In support of the motion, counsel noted that "the procedural posture of this case indicates that discovery in this matter is scheduled to close on March 31, 2025; however, none of the plaintiffs, defendants' representative witnesses, nor other trial witnesses have been deposed." (Mot. to Withdraw (DE 35) at 2). Further, "counsel have not explicitly stated facts to support this motion based on the Attorney-Client privilege; however, remain available to submit affidavits in support of this motion should the court deem it necessary." (Id.).

The court granted the motion to withdraw March 17, 2025, ordering plaintiffs to "file a notice of self-representation or cause a new attorney to file a notice of appearance" within 21 days of entry of the court's order. (Order (DE 36) at 1). On its own initiative, the court stayed deadlines for completion of discovery and for dispositive motions, pending further order of this court. The court also ordered that "[w]ithin 14 days after filing of a notice of self-representation or notice of appearance by new counsel, if any, the parties are DIRECTED to file a joint status report setting forth the parties' proposals for deadlines for completion of discovery and for dispositive motions." (Id. at 2). No filing was made by plaintiffs within the 21 day time period specified.

Defendants filed the instant motion to dismiss April 14, 2025, seeking dismissal based upon plaintiff's failure to comply with the court's order and through a "history of inaction in this

2

case." (Defs' Mem. (DE 38) at 2). In particular, defendants assert plaintiffs "previously demonstrated inaction by failing to cooperate with duly noticed depositions due to canceling their appearances one day prior and the day of the duly noticed depositions on multiple occasions." (Id.).

Plaintiffs Carroway and Young filed that same day a first motion for extension of time, stating: "To whom it may concern, [we are] requesting an extension for our court case." (DE 39 at 1). April 15, 2025, the court sent plaintiffs a notice of defendants' motion to dismiss and the obligation to respond within 21 days. Plaintiffs Mary Ryan Shepard and Recardo Antane Shepard ("Shepard" plaintiffs) filed April 15, 2025, a motion for extension of time to secure new counsel. Defendants responded in opposition to plaintiffs' motions for extension of time. Plaintiffs thereafter filed April 17, 2025, notices of self-representation, and plaintiffs Carroway and Young filed April 28, 2025, a second motion for extension of time, relying upon a doctor's note. The parties then filed a joint status report April 29, 2025, seeking continuation of stay of deadlines pending resolution of defendants' motion and plaintiffs' then-pending motions.

The court entered the instant show cause order May 12, 2025, directing plaintiffs as follows:

> Where defendants' motion is based on plaintiffs' delay in filing a notice of self-representation or causing new counsel to enter an appearance, as well as a pattern of cancellation of depositions, plaintiffs are DIRECTED to show cause, within 21 days of the date of entry of this order why the instant action should not be dismissed for failure to prosecute, or why other sanctions, such as an award of attorneys' fees to defendants, should not be imposed.

(Show Cause Order (DE 51) at 1). In addition, the court ordered: "In that part in their motions where plaintiffs seek an extension of time to respond to defendants' motion, their motions are granted by virtue of the instant direction," and "[i]n remaining part, plaintiffs' motions are

3

DENIED." (Id. at 2). Finally the court warned plaintiffs "that failure to file a response as directed herein may result in dismissal of the action for failure to prosecute." (Id.).

Plaintiffs Carroway and Young filed the instant motion for extension of time May 28, 2025.

**COURT'S DISCUSSION**

"If the plaintiff fails to prosecute or to comply with [the court's] rules or a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Id. As such, a district court has "authority under Rule 41(b) to dismiss [a] case with prejudice . . . for failure to prosecute." Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).

In considering dismissal on this basis, "the district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Id.[1] "Those criteria, however, are not a rigid four-prong test," and "the propriety of an involuntary dismissal ultimately depends on the facts of each case." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019). The court also maintains "inherent judicial authority" deriving from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. (quoting Link v. Wabash R. Co., 370 U.S. 626, 630 (1962)).

In this case, plaintiffs Carroway and Young have not shown good cause why the case should not be dismissed for failure to prosecute.[2] Under the first factor, plaintiffs Carroway and

---

[1] Internal quotations and citations are omitted from citations in this order unless otherwise specified.

[2] The Shepard plaintiffs have by their failure to respond altogether to the show cause order demonstrated that dismissal of their claims is warranted for failure to prosecute. Their claims are dismissed without prejudice on this

4

Young bear personal responsibility for delays that are the subject of defendants' motion, where counsel for plaintiffs withdrew January 24, 2025, and previous delays concerned their own depositions. Considering the second factor, the prejudice caused to defendants is great, because they were not able to conduct essential discovery during the discovery period, to no fault of their own, and substantial time already has passed in this case.

Turning to the third factor, there is a "drawn out history of deliberately proceeding in a dilatory fashion." Davis, 588 F.2d at 70. Defendants assert plaintiffs "previously demonstrated inaction by failing to cooperate with duly noticed depositions through canceling their appearances one day prior and the day of the duly noticed depositions on multiple occasions." (Defs' Mem. (DE 38) at 2). Plaintiffs' counsel also was compelled to withdraw, with reference to a variety of rules evidencing a serious lack of cooperation or good faith on the part of plaintiffs.[3] (Mot. to Withdraw (DE 35) at 2). More recently, plaintiffs Carroway and Young proceeded in dilatory fashion by failing to make timely filing in response to the court's March 17, 2025, order, and then filing two motions for extension prior to the court's show cause order. Further, they have not filed a response to the court's show cause order or defendants' motion, but rather filed the instant motion for additional indefinite extension of time. Finally, none of plaintiffs' pro se filings were made in accordance with Local Rule 10.1, and they present as casual correspondence not promoting efficient and "orderly . . . disposition of [the] case[]" before the court. Attkisson, 925 F.3d at 625.

---

basis alone. The court addresses in more detail in the analysis herein the applicable factors bearing on claims of plaintiffs Carroway and Young.

[3] In particular, counsel cited Rule 11, which provides that an attorney certifies through a filing that "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims . . . and other legal contentions are warranted by [law]; [and] (3) the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Counsel also cited North Carolina Rule of Professional Conduct 1.16(b), which allows an attorney to withdraw from representing a client if, inter alia, "the client persists in a course of action" not supported by law or to which the lawyer has a "fundamental disagreement," "the client fails substantially to fulfill an obligation," or "the representation . . . has been rendered unreasonably difficult by the client."

Against this backdrop, the statements made in the instant motion by plaintiffs Carroway and Young are not sufficient to counter the pattern of delay and dilatory action on their part. They state, for example, "[d]ue to an attentive medical surgery for [plaintiff Young] we were unable to attend the initial court date due to medical," and "our attorney . . . had canceled [plaintiff Carroway's] court hearing due to helping [plaintiff Young] during her urgent medical procedure." (Pls' Mot. (DE 52) at 1). They state further that their attorney "mentioned to both of us that she will be reaching out to us with a future court date, but unfortunately we never heard back from her." (Id.). Finally, they assert, "We are both disabled individuals trying our best to understand and adapt to this new change of being self-representatives," which will "ultimately take time adjusting . . . as we also try to find a new attorney that's best suited for us moving forward." (Id.).

Under the circumstances presented, the statements by plaintiffs Carroway and Young about missing an "initial court date" and "court hearing," id., do not account for defendants' assertion of deposition cancellations "on multiple occasions." (Defs' Mem. (DE 38) at 2). Their statements about communications with counsel do not account for the compelled withdrawal of counsel, including based on Rule 11, as well as the period of self-representation. In particular, plaintiffs Carroway and Young do not provide good cause for the delay in following the directions in the court's May 17, 2025, order, nor for the multiple extensions sought subsequently for indefinite duration. In sum, their instant motion does not provide a sufficient response to either the court's show cause order or to defendants' motion.

Considering the fourth factor, the court finds that sanctions less drastic than dismissal will not be effective, in light of the warnings already given as to the consequences for failing to follow the court's orders and defendants' motion, as well as the substantial steps defendants have already undertaken to address the delays by plaintiffs. There is no indication in the record that plaintiffs

6

Carroway and Young have ability first to pay defendants' reasonable attorneys' fees occasioned by the delays, and then to "secure the just, speedy, and inexpensive determination" of this action in accordance with the rules of procedure and this court. Fed. R. Civ. P. 1.

Finally, considering the totality of the circumstances, including the nature of the claims and factual allegations, all the filings in the record, the court's own prior orders and notices, as well as the extended period of time since commencement of this case in January 2024, the court exercises the "control necessarily vested in [this court] to manage [its] own affairs so as to achieve the orderly and expeditious disposition of [the] case[]." Attkisson, 925 F.3d at 625. Taking into account those additional considerations, in addition to the four Rule 41(b) factors, the court finds that dismissal for failure to prosecute, and for failure to comply with the court's orders and rules, is warranted in the interests of justice.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (DE 37) is GRANTED. The motion for extension of time by plaintiffs' Carroway and Young (DE 52) is DENIED. On the basis of defendants' motion and for failure to show good cause in response to the court's May 12, 2025, order, the instant action is DISMISSED with prejudice for failure to prosecute and for failure to comply with the court's orders and rules. The clerk is DIRECTED to close this case.

This the 15th day of July, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge